# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA MARIE GRAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:10CV941RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

On May 21, 2010, Petitioner Angela Marie Gray moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and moved this Court to appoint counsel to represent her.

There is no constitutional or statutory right to appointed counsel in a civil case. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, a court considers several factors including (1) whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering these factors, the Court believes that the facts and legal issues involved in Gray's case are not so complicated that the appointment of counsel is warranted at this time. Therefore, the Court will deny Gray's motion.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Angela Marie Gray's motion for the appointment of counsel [#4] is **DENIED** without prejudice.

Dated this 16th Day of July, 2010.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE