UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA MARIE GRAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:10CV941 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before me on petitioner Angela Marie Gray's motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Gray claims she was improperly denied a detention hearing during revocation proceedings and that her sentence was erroneous on several grounds. For the reasons set out below the motion will be denied.

**I.      Background**

Angela Gray was sentenced to a 27-month federal prison sentence for bank fraud in United States v. Gray, Case No. 4:98 CR 437 RWS ("Gray I"). Following the completion of her prison sentence in Gray I, Gray was on federal supervised release. While Gray was on federal supervised release, Gray was indicted by a Federal Grand Jury on new fraud charges in United States v. Gray, Case No. 4:09 CR 69 CEJ ("Gray II"). The United States Prohibition Office commenced supervised release revocation proceedings against Gray for the conduct that gave rise to her indictment in Gray II.

On January 28, 2009, Gray made an initial appearance in federal court for both the pending indictment and the revocation of her supervised release. On January 30, 2009 Gray

appeared before Magistrate Judge Terry Adelman for a detention hearing. Gray appeared in person, was represented by counsel, and the hearing was conducted on the record. Gray waived the issue of detention at the hearing and detention was ordered.

Gray pled guilty to one of the counts of the indictment in Gray II on April 13, 2009. On July 7, 2009, Judge Carol E. Jackson sentenced Gray to a term of 87 months in Gray II. On July 16, 2009, I revoked Gray's supervised release in Gray I, based on Gray's conviction of a new fraud offense in Gray II.. I sentenced Gray to imprisonment for 36 months on her revocation. The revocation sentence was to run consecutive to sentence imposed by Judge Jackson.

Gray appealed the 36 month revocation sentence I imposed to the United States Court of Appeals for the Eighth Circuit. The Eighth Circuit affirmed the revocation sentence in March 2010. Gray filed her motion for relief under § 2255 on May 21, 2010.

## II. Grounds for Relief

Gray raises the following ground for relief in her motion:

(1) Gray was denied a detention hearing related to her revocation proceedings.

(2) Gray's original sentence in <u>Gray I</u> and revocation sentence in <u>Gray II</u> were erroneous on several grounds.

## III. Analysis

### A. Detention Hearing

Gray alleges that she was unconstitutionally denied a detention hearing. Gray's claim is directly refuted by the record because she waived her right to a detention hearing. On January 30, 2009, Gray appeared before Magistrate Judge Adelman for a detention hearing for her supervised release revocation and arrest for the charges in Gray II. Gray was represented by counsel at the hearing. The Minute Sheet for this proceeding indicates Gray waived her right to a

detention hearing for both the supervised release revocation and the Gray II proceedings. Minute Sheet, CM/ECF 4:98CR437 at Docket No. 40.

On February 19, 2009, Judge Adelman ordered that Gray be committed to the custody of the Attorney General for confinement. Detention Order, CM/ECF 4:98CR437 at Docket No. 44. In his Order, Judge Adelman indicated that at the detention hearing on January 30, 2009, Defendant appeared in person with counsel. Id. He further states that at the hearing, Gray's counsel indicated Gray was ineligible for bail at the time because she was currently being held by the Missouri Department of Corrections. Id. Gray's counsel further indicated Gray wished to waive the issue of detention, but requested Judge Adelman reconsider the matter if Gray were to become eligible for bail. Id. Judge Adelman ordered Gray's counsel to immediately notify him if Gray became eligible for bail. Id. Because the record clearly demonstrates that Gray waived her right to a detention hearing, her claim that she was unconstitutionally denied a detention hearing in connection with her supervised release revocation fails.

    B.    Gray's Sentence

Gray also claims that her sentences in Gray I case and the revocation sentence in Gray I were unconstitutional. Gray argues her original sentence in Gray I was should have run concurrent to state sentences she was serving and that the sentencing range for her original sentence in Gray I was improperly determined. Gray next argues sentencing guidelines were improperly applied to her revocation sentence and that the sentence violated the Eight Amendment. Finally, Gray argues the loss amount attributed to her fraudulent conduct in Gray II, which gave rise to the revocation of supervised release in Gray I, was inflated.

    1.    Challenges to Her Original Sentence in *Gray I*

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes among

other things, a one-year statute of limitation on motions seeking to modify, vacate, or correct federal sentences. Pub. L. 104-132, 110 Stat. 1214. See Johnson v. United States, 544 U.S. 295, 299 (2005). The statute of limitations commences to run either from (a) the date on which the judgment of conviction became final, or (b) the date on which the facts supporting the claim or claims presented could have been discovered through exercise of due diligence. See 28 U.S.C. § 2255(f). Within the Eighth Circuit, the statute of limitations begins to run ten days after the entry of a petitioner's criminal judgment, or the date on which the ten-day period for filing a notice of appeal is expired. See Murray v. United States, 313 Fed.Appx. 924, 925 (8th Cir. 2009) (citing Fed. R.App. P. 4(b)(1)(a), 26(a)(2).

The Judgment in Gray I was entered on May 6, 1999 and became final on May 16, 1999 when the ten-day period for filing a notice of appeal expired. Gray filed the current Section 2255 motion on May 21, 2010, well past the one year statute of limitations for her to assert a challenge to the sentence entered in Gray I and does not assert that facts have been discovered within one year of filing the current motion. As a result, Gray's arguments regarding her original sentence in Gray I are denied as untimely.

2. Sentencing Guidelines

Gray alleges that her revocation sentence was erroneous as a result of a misapplication of the sentencing guidelines. "[O]rdinary questions of guideline interpretation falling short of the 'miscarriage of justice standard' do not present a proper section 2255 claim." Auman v. United States, 67 F.3d 157, 161 (8th Cir. 1995). There are three exceptions to the general rule that claims of alleging a misapplication of the Sentencing Guidelines are not cognizable in Section 2255 motions: (1) an assertion that the defendant's attorney failed to make the U.S.S.G. § 5G1.3

- 4 -

credit-for-time served argument at sentencing or on direct appeal as an independent stand-alone ineffective assistance of counsel claim; (2) a claim that the sentence exceeds the maximum authorized by statute; and (3) a claim that rises to the level of a "miscarriage of justice." United States v. Perales, 212 F.3d 1110, 1111-12 (8th Cir. 2000).

Gray alleges that there was a misapplication of the Sentencing Guidelines because she was sentenced in excess of the applicable guideline range. Under 18 U.S.C. §3583(e)(3), Gray faced a maximum term of imprisonment of three years for violating a condition of her supervised release. Gray's sentence of 36 months for violating her supervised release does not exceed the maximum authorized by statute. Gray does not allege that her attorney failed to make the credit-for-time served argument, does not claim ineffective assistance of counsel, and her claim does not rise to the level of a "miscarriage of justice." As a result, her claim will be denied.

3.  Claims Not Raised on Direct Appeal

Gray alleges that the loss amount of $89,000 attributed to the fraudulent conduct in Gray II was inflated because she only intended a loss of $2,000. Generally, claims that are not raised on direct appeal are procedurally-defaulted from being "raised on collateral review unless the petitioner shows cause and prejudice," Massaro v. United States, 538 U.S.498, 504 (2003), or the petitioner is "actually innocent". Bousley v. United States, 523 U.S. 614, 622 (1998). Gray did not raise this issue in her direct appeal to the United States Court of Appeals for the Eighth Circuit. Gray does not allege cause and prejudice for this failure and does not allege that she is actually innocent. Further, Gray's claim is directly refuted by the record because she admitted in her plea agreement that the loss resulting from her conduct was more than $89,000. Plea Agreement, CM/ECF 4:09CR69 at Docket No. 30. As a result, Gray's claim fails.

Finally, in her last claim, Gray alleges her revocation sentence was unreasonable and violates the Eighth Amendment of the United States Constitution. Gray alleges that her revocation sentence was unreasonable because of the alleged misapplication of the Sentencing Guidelines and the alleged inflated amount of loss. As discussed above, both of Gray's alleged reasons for her sentence being unreasonable without merit. Gray did not claim that her sentence amounts to cruel and unusual punishment in violation of the Eighth Amendment in her direct appeal to the Eighth Circuit and has not alleged cause, prejudice, or that she was actually innocent. As a result, Gray's claim will be denied.

    C.    An Evidentiary Hearing is not Warranted

Generally, 28 U.S.C. § 2255 entitles a movant to an evidentiary hearing on the merits of their petition. However, an evidentiary hearing need not be held if Gray's "allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998). I find Gray's claims can be conclusively determined based upon the parties' filings and the records of the case, therefore no evidentiary hearing is necessary. See Rogers v. United States, 1 F.3d 697 (8th Cir. 1993) (an evidentiary hearing is unwarranted where all necessary information can be found in the record).

## IV. CERTIFICATE OF APPEALABILITY

In order to grant a certificate of appealability, a court must find a substantial showing of a denial of a constitutional right. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1977). A substantial showing "is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Id. I find based

on the discussion above that Gray has made no such showing, and, as a result, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Angela Marie Gray to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 [#1] is **DENIED**.

**IT IS FURTHER ORDERED** that Gray's Motion for Summary Judgment [#15] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the motion for an evidentiary hearing is **DENIED**.

**IT IS FINALLY ORDERED** that, since Gray has not made a substantial showing of a denial of a constitutional right, this Court will not issue a certificate of appealability.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of August, 2012.